IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RALPH STEVEN THOMAS,

    Petitioner,

v.                                                Civil Action No. 3:09cv7

GENE M. JOHNSON

    and

HELEN F. FAHEY,

    Respondents.

## MEMORANDUM OPINION

Petitioner Ralph Steven Thomas, a Virginia state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Thomas argues that his sentence violated his plea agreement, his counsel was ineffective, and Respondents deprived him of due process at his post release supervision revocation hearing in violation of his Fourteenth Amendment rights.[2] Respondents filed a motion to dismiss (Docket No. 6) and appropriate *Roseboro*[3] (Docket No. 9) notice. Thomas responded (Docket Nos. 12-14), and the matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *See* U.S. Const. amend. XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without process of law. . . .").

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Factual and Procedural Background

On May 4, 2006, in the Circuit Court of the City of Norfolk ("Circuit Court"), Thomas pleaded guilty to possession of cocaine. (Respts.' Br. Supp. Mot. Dismiss ("Respts.' Br.") Ex. 1 (June 29, 2006 Sentencing Order).) On June 23, 2006, the Circuit Court sentenced Thomas to three years and three months of incarceration. The Circuit Court suspended all but three months of that sentence on condition of three years of post release supervision under the direction of the Virginia Parole Board ("VPB"). (June 29, 2006 Sentencing Order 2.) Petitioner was represented by appointed counsel at trial and sentencing. Counsel told Petitioner, both orally and in writing, that if Petitioner sought an appeal, he had to notify counsel in writing. (Respts.' Br. Ex. 5 (*Thomas v. Sheriff of Norfolk, et al.*, Record No. 080089 (Va. July 1, 2008)) ("Sup. Ct. Va. Op.") at 7.) Counsel never received written notification of Petitioner's intent to appeal. (Sup. Ct. Va. Op. 7) Petitioner did not appeal either his plea or his sentence.

Between October 2006 and March 13, 2007, Thomas served a period of jail time for violating conditions of his post release supervision.[4] (Pet. G3-a.)[5] Upon release, Thomas asserts that he reported to the Norfolk Parole and Probation Office, but they informed him that they lacked paperwork and would contact him. (Pet. G3-a.) Thomas apparently never reported again, and he was arrested on August 31, 2007, for violating the terms of his post release supervision.

---

[4] The Petition does not indicate which conditions Petitioner was found to have violated. Thomas states that he had trouble staying in touch with his parole officer because of Thomas's illness and the absence of his regular parole officer. (Pet. 9 & G3-a).

[5] Petitioner utilized an unorthodox system for numbering the pages of his petition by inserting typed pages explaining the grounds for his claims within the standard § 2254 petition form. These inserted pages are designated by "G" for "ground" (stated by the Court as his Claims), and each page for the separate grounds are designated by letter (a, b, c . . .). Thus, when the Court cites to pages of the petition form, it cites to the page number in the upper right corner of the form, and when it refers to Petitioner's inserted pages, it uses Petitioner's designation.

(Pet. G3-a.) His parole officer notified him of the alleged violations on September 6, 2007, and a preliminary hearing occurred on September 11, 2007. The hearing officer found probable cause of a violation of the conditions of Thomas's post release supervision.

On December 5, 2007, the VPB issued a warrant for Thomas's arrest for violation of the conditions of his post release supervision.[6] (Respts.' Br. Ex. 2.) A final hearing occurred on December 18, 2007. The warrant was returned on December 20, 2007. (Respts.' Br. Ex. 2.) On January 28, 2008, the VPB informed Thomas by letter that he had been found guilty of violating three terms of his parole, and that the VPB was revoking his three years of parole. (Respts.' Br. Ex. 3.)

On January 11, 2008, Petitioner filed a petition for writ of habeas corpus with the Supreme Court of Virginia raising three separate claims: (1) he challenged his June 23, 2006 sentence; (2) he claimed ineffective assistance of trial counsel; and, (3) he argued that VPB's post release supervision revocation procedure violated his due process rights. (Sup. Ct. Va. Op.) On July 1, 2008, the Supreme Court of Virginia dismissed Thomas's petition,[7] and on

---

[6] The VPB charged that Thomas failed to report as directed on three occasions, failed to call his Parole Officer as instructed on one occasion, and failed to make contact with the Probation and Parole Office.

[7] The Supreme Court of Virginia found all of Thomas's claims barred. The court determined that the portions of Petitioner's allegations stating that the trial court violated the terms of the plea agreement were not cognizable in a petition for a writ of habeas corpus because these issues could have been raised at trial and on direct appeal. (Sup. Ct. Va. Op. 1-2.) The court also found that Petitioner's various allegations of ineffective assistance of counsel failed to satisfy the test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and that Petitioner had shown no reason why he should not be bound by his representation at trial, and in his written plea form, that his counsel had adequately performed. (Sup. Ct. Va. Op. 2-7.) Finally, the Supreme Court of Virginia held that the VPB afforded Petitioner due process in his preliminary hearing, and thus Petitioner's claim that he was denied a fair preliminary hearing lacked merit. (Sup. Ct. Va. Op. 7.)

December 19, 2008, Thomas filed the instant federal petition raising the same claims found in his state petition.

## II. Claims for § 2254 Relief

Petitioner's § 2254 petition for writ of habeas corpus asserts the following claims:

| | |
|---|---|
| Claim One: | The sentencing judge violated the terms of Petitioner's plea agreement by including a three-year term of supervised release, thereby "increas[ing] petitioner's sentence beyond petitioner's expectation when he plead guilty." (Pet. 6 & G1-a.) |
| Claim Two: | Petitioner's appointed counsel was ineffective in preparing the case, and her erroneous advice prejudiced Thomas's ability to make a knowing, voluntary, and intelligent guilty plea. (Pet. 7 & G2-c.) Counsel was ineffective for failing to file an appeal of the sentence as Petitioner had instructed. (Pet. G2-h – G2-i.) |
| Claim Three: | The VPB's revocation procedures violated Petitioner's Due Process rights, where: |
| (A) | The finding of probable cause at the preliminary hearing was based on unverified facts; and, |
| (B) | The VPB did not allow Petitioner to be represented by counsel or have witnesses testify on his behalf at the final revocation hearing. (Pet. 9 & G3-a, b, and c.) |

Respondents do not dispute that Petitioner exhausted the above three claims because he presented them to the Supreme Court of Virginia in his state habeas petition. (Respts.' Br. ¶ 7.) (Docket No. 8.)

For the reasons stated below, the Court finds Claims One and Two barred by the statute of limitations. Claim Three is not time barred and requires additional information from the parties in order for this Court to rule on the merits.

## III. Analysis

### A. Claims One and Two

Claims One and Two are time barred because Thomas filed the instant petition after the expiration of the limitations period, and because Thomas fails to demonstrate entitlement to either a belated commencement of the limitations period or equitable tolling.

#### 1. Time Bar

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Circuit Court sentenced Thomas on June 23, 2006. Because he did not file an appeal, Thomas's conviction became final on July 23, 2006. *See* Va. Sup. Ct. R. 5A:6(a);[8] *McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000); *see also Harris v. Hutchinson*, 209 F.3d 325, 327-28 & n.1 (4th Cir. 2000). Thomas had one year, or until July 23, 2007, to file any federal habeas challenge to his conviction or sentence. 28 U.S.C. § 2244(d)(1)(A).

Thomas filed his federal habeas petition December 19, 2008,[9] well after the July 23, 2007 expiration of the one-year statutory period of limitation. Thomas is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he filed his state habeas petition on January 11, 2008, similarly after the July 23, 2007 expiration of the one-year statutory period of limitation.

### 2. Belated Commencement of the Limitations Period

Thomas fails to demonstrate entitlement to belated commencement of the statute of limitations for the portion of Claim Two alleging his counsel ineffectively failed to file an appeal, in contravention to what Thomas claims was express instruction to do so.[10]

---

[8] "No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals." Va. Sup. Ct. R. 5A:6(a).

[9] The Court considers a prisoner's habeas petition filed on the date he delivers his petition to prison authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thomas declared that he placed his Petition in the prison mailing system on December 19, 2008. (Pet. 15.)

[10] Claim One and the remaining elements of Claim Two, which allege that Petitioner's appointed counsel ineffectively prepared the case and that her erroneous advice prejudiced Thomas's ability to make a knowing, voluntary, and intelligent guilty plea, are not entitled to belated commencement because Thomas knew of the facts giving rise to those claims at the time of sentencing. *See Slayton v. Parrigan*, 205 S.E.2d. 680, 682 (Va. 1974) (holding that a prisoner cannot use a habeas petition to attack a non-jurisdictional issue that could have been raised at trial or on direct appeal); *see also Owens v. Boyd*, 235 F.3d 356, 359-60 (7th Cir. 2000) (barring petitioner's claim that trial counsel advanced ineffective arguments because this fact was

In addition to the date on which a judgment becomes final, the AEDPA's statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The date on which a reasonably diligent petitioner could have discovered the factual predicate of a claim under § 2244(d)(1)(D) "is a fact-specific issue the resolution of which depends, among other things, on the details of [his or her] post-sentence conversation with his [or her] lawyer and on the conditions of his [or her] confinement in the period after [sentencing]." *Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000).

The record belies Thomas's claim that he "was not aware" that his attorney had not appealed his June 23, 2006 sentence until August 31, 2007. (Pet. 14.) The Supreme Court of Virginia reviewed the record and determined that Thomas's counsel "told petitioner, both orally and in writing, that if petitioner wanted to appeal, he had to inform counsel in writing." (Sup. Ct. Va. Op. 7.) Although Thomas denies being told to communicate his desire in writing (Pet. G2-o), Thomas also does not claim he wrote his attorney asking her to appeal (Sup. Ct. Va. Op. 7 ("Counsel avers she never received written notification and petitioner provides no evidence that he complied with counsel's instructions.").)[11] Even presuming, as Thomas alleges, he asked orally for an appeal to be filed, Thomas lacked any reasonable basis to believe that counsel had filed an appeal without receiving further, or written, communication.

Thomas does not claim that counsel ever offered Thomas any assurance that she would file an appeal. Thomas states only that "Petitioner and counsel discussed petitioner's limited

---

available to petitioner at the time of trial). This includes Thomas's claim that his sentence exceeded the length he expected.

[11] This finding of fact is binding on this Court, *see* 28 U.S.C. § 2254(e)(1), absent clear and convincing evidence to the contrary. Petitioner has provided no such evidence.

7

rights to appeal after a guilty plea." (Pet. G2-i.) Because of these "limited rights," counsel informed Thomas "that he had no right to appeal because he was sentenced in accordance with the plea agreement," and "advised petitioner that if he appealed, he would not be released until the appeal was heard." (Pet. G2-c.) Thomas alleges no other communication with counsel regarding his appeal. "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *El-Abdu'llah v. Dir., Va. Dep't of Corr.*, No. 3:07cv494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008); *cf. Plemmons v. United States*, No. 5:09cv8-02-V, 5:05cr32-V, 2009 WL 703776, at *2, *4 (W.D.N.C. Mar. 16, 2009) (holding § 2255 petition untimely where petitioner claimed to have contacted counsel about status of appeal in months following entry of guilty plea, because counsel's failure to respond to such inquiries provided reason for petitioner "to question whether counsel was keeping his promises concerning the appeal.").

On this record, Thomas plainly fails to meet the burden of proving that he exercised the due diligence prerequisite to belated commencement of the statute of limitations. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)."). The record before the Court is bereft of any attempt by Thomas to ascertain the status of his appeal. Thomas does not allege that he ever contacted counsel about the appeal after speaking with her at sentencing, either within the thirty-day period for filing a notice of appeal or at any time thereafter. *See Shelton v. Ray*, No. 7:05cv271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005). In fact, Thomas presents no explanation or circumstance for his failure to inquire even minimally about the status of his appeal before his alleged discovery on August 31, 2007, that no

appeal was pending. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding petitioner lacked due diligence in pursuing appeal where he waited entire year to contact his attorney regarding appeal).

This precludes the Court from finding that Thomas acted with due diligence. The fact that an appeal had not been filed "was a matter of public record, 'which reasonable diligence could have unearthed'" at any time. *Montenegro v. United States*, 248 F.3d 585, 593 (7th Cir. 2001), *partially overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) (*quoting Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)). Moreover, after his conviction, between June 24, 2006, and August 31, 2007, Thomas experienced six months of incarceration, from approximately September 15, 2006, to March 13, 2007. By corollary, Thomas experienced 254 days of freedom from incarceration after his conviction and sentencing, and prior to August 31, 2007. During this time, Thomas was free to inquire about the status of his appeal, unaffected by "the conditions of confinement and the reality of the prison system" that can affect prisoners' ability to diligently seek post-conviction relief. *Montenegro*, 248 F.3d at 592.

The Court therefore determines that Thomas cannot demonstrate entitlement to belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

### 3. Equitable Tolling

As with belated commencement, Thomas insufficiently demonstrates his entitlement to equitable tolling. Equitable tolling must be "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present

'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Additionally, a petitioner seeking equitable tolling bears the burden of establishing that he or she has been pursuing his or her rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Counsel's alleged ineffectiveness fails to rise to the level of extraordinary circumstances. Generally, ineffective assistance of counsel does not warrant equitable tolling. *See Rouse*, 339 F.3d at 248 (*citing Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)); *Harris*, 209 F.3d at 331. Equitable tolling does "not extend to garden variety claims of excusable neglect" such as an oversight by the petitioner's attorney. *Rouse*, 339 F.3d at 246 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Supreme Court of Virginia reviewed Thomas's claim that his trial counsel ineffectively failed to file an appeal, and determined that Thomas could show neither deficient performance nor prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984), because he did not establish that he had objectively and timely demonstrated his intent to appeal. (Sup. Ct. Va. Op. 6-7.) That finding constitutes a reasonable finding of fact to which this Court defers. 28 U.S.C. § 2254(d).

Petitioner also fails to demonstrate, as he must, that counsel's purported ineffective assistance prevented him from complying with the statute of limitations. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("[P]etitioner [must] demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."). Claim One and most aspects of Claim Two were available to Thomas at the

time of his sentencing. (Sup. Ct. Va. Op. 1-6.) Moreover, as previously discussed, Thomas failed to exercise due diligence between July 23, 2006, and August 31, 2007, the date Thomas claims he discovered counsel failed to file an appeal. With due diligence, a reasonable petitioner could have timely discovered no appeal had been filed prior to August 31, 2007.

"Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (denying equitable tolling where petitioner waited more than four months to file his federal habeas petition after the state court denied his application for a writ); *see also Pace*, 544 U.S. at 418. This Court finds that Thomas did not act with reasonable diligence in ascertaining whether his counsel had filed a direct appeal. Therefore, Thomas has not demonstrated that extraordinary circumstances beyond his control prevented him from filing on time, and is not entitled to equitable tolling of the statute of limitations. Claims One and Two will be DISMISSED.

### B. Claim Three: Alleged Due Process Violation

For the reasons discussed below, the Court finds the present record insufficient to make a finding as to the merits of Claim Three, and will DENY the motion to dismiss Claim Three without prejudice.

#### 1. Standard of Review

A federal court may grant habeas relief under 28 U.S.C. § 2254 only if state court proceedings resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or if the state court based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite

to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In reviewing the decision of a state court, the state court's determination of factual issues shall be presumed to be correct, and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2. Due Process Requirements in Post Release Supervision Revocation Proceedings

The Code of Virginia requires that for felony offenses committed on or after July 1, 2000, the sentencing court must impose a sentence of at least six months and not more than three years of post release supervision in addition to any term of incarceration, except in cases where the court orders a suspended term of confinement of at least six months. Va. Code § 19.2-295.2(A); *see also* Va. Code § 18.2-10. That statute also provides that "[p]rocedures for . . . termination and recommitment shall be conducted in the same manner as procedures for the revocation of parole." Va. Code § 19.2-295.2(B). Post release supervision occurs under the supervision and review of the VPB. *Id.*

Prior to imposing sanctions with respect to violations of post release supervision, the Code of Virginia requires that a hearing officer conduct a preliminary hearing to determine probable cause that a parolee or felon serving a period of post release supervision has violated one or more terms of the conditions of release. Va. Code § 53.1-165(A). Upon a finding of

probable cause, the VPB shall conduct a hearing "within a reasonable time thereafter" to determine whether to revoke the parole or suspended sentence, "and order the reincarceration of the prisoner for the unserved portion of the term of imprisonment originally imposed upon him, or it may reinstate the parole either upon such terms and conditions as were originally prescribed, or as may be prescribed in addition thereto or in lieu thereof." *Id.*

The record before the Court insufficiently defines the required due process parameters for post release supervision hearings. The Supreme Court of the United States defined the due process requirements for parole revocation proceedings in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and extended those to probation revocation proceedings in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).[12] However, it appears to this Court that other courts have yet to address squarely whether *Morrissey* and *Gagnon* control the instant issue. Even if the Court were to hold that *Morrissey* and *Gagnon* control the issue of what process Petitioner was due in his post release supervision revocation proceedings, the record before the Court does not adequately indicate whether the procedures used in this case to revoke Thomas's post supervision release complied

---

[12] In *Morrissey*, the Supreme Court held that minimal due process requires that a parolee receive the following at the final revocation hearing:

    (a) written notice of the claimed violations of parole;
    (b) disclosure to the parolee of evidence against him;
    (c) opportunity to be heard in person and to present witnesses and documentary evidence;
    (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
    (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
    (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 489.

with the minimal due process requirements enunciated in *Morrissey* or the Code of Virginia's procedures governing revocation of parole or post release supervision, Va. Code § 53.1-161 to -165.

### 3. Supreme Court of Virginia's Ruling as to Claim 3

The Supreme Court of Virginia found that "Petitioner violated the terms of his post-release supervision, was present for and participated in the parole revocation hearing, and was duly informed of the Parole Board's decision to revoke petitioner's parole." (Sup. Ct. Va. Op. 7.) Based on this finding, it rejected Petitioner's due process challenge.

Upon review of the record, this Court cannot find that the Supreme Court of Virginia's written findings address the entire scope of Petitioner's due process claims. In support of their motion to dismiss, Respondents make only the conclusory argument that the Supreme Court of Virginia's factual finding that petitioner had been afforded due process was "not an unreasonable determination of the facts, and . . . did not involve an unreasonable application of, clearly established Federal law." (Respts.' Br. 9-10.) The exhibits submitted in support of Respondents' motion to dismiss establish that Respondents satisfied some *Morrissey* due process requirements, but the record is silent as to others. The record shows that Thomas received notice of his due process rights and indicated his intention to challenge the violation on December 18, 2007. (Petr.'s Br. Opp'n Respts.' Mot. Dismiss Ex. 5 (Notice of Parole Violation Hearing, signed by Thomas and dated December 18, 2007).) Even given the complication that Thomas did not appear at his hearing, the record does not contain sufficient evidence for the Court to evaluate the upshot of Thomas's claim that he was denied the opportunity to present witnesses on his behalf and cross-examine adverse witnesses, an opportunity which *Morrissey* permits. *Morrissey*, 408 U.S. at 489.

14

Therefore, the Court seeks a more precise record before assessing the post release supervision hearing at bar.

C. **Court's Ruling as to Claim 3**

Although the Supreme Court of Virginia found no due process violation in Thomas's post release supervision revocation proceedings, it did not explicitly state what standard it applied in making this finding. The Court therefore invites the parties to address the applicable law at issue, including the standard this Court must apply, and how the law pertains to the facts at bar.[13]

Accordingly, Respondents' motion to dismiss Claim Three(B) will be DENIED WITHOUT PREJUDICE. Respondents will be DIRECTED to file an appropriate dispositive motion, supported by competent evidence, as to the due process afforded Petitioner during all stages of his post release supervision revocation proceedings. The motion should also address Petitioner's claim that Respondents revoked the suspended sentence on December 5, 2007, prior to the final revocation hearing on December 18, 2007. (*See* Petr.'s Br. Opp'n Respts.' Mot. Dismiss 4.)

---

[13] *See generally* Va. Code § 53.1-161 (discussing procedures for arresting a "parolee or felon serving a period of postrelease supervision" upon information or a showing of a probable violation "by any parolee or felon serving a period of postrelease supervision of any of the terms or conditions upon which he was released on parole or postrelease period of supervision"); *Logan v. Commonwealth*, 651 S.E.2d 403, 406 (Va. Ct. App. 2007) (noting, in context of declining to apply exclusionary rule to probation revocation hearings, that the Court of Appeals of Virginia "has often considered 'probation, parole, or suspended sentence revocation proceedings' as similar 'secondary proceeding[s].'") (alteration in original) (*quoting Anderson v. Commonwealth*, 457 S.E.2d 396, 398 (Va. App. 1995)).

15

## IV. Conclusion

For the foregoing reasons, the Court will GRANT Respondents' motion to dismiss Claims One and Two. The Court will DENY WITHOUT PREJUDICE Respondents' motion to dismiss Claims Three(A) and (B). Respondents will be DIRECTED to file an appropriate dispositive motion as to Claims Three(A) and (B).

An appropriate Order shall issue.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: September 23, 2009